Hawkins, J.,
delivered the opinion of the Court.
The bill alleges, that on the 10th day of May, 1862, one S. G. Galloway, by deed of that date, sold and conveyed to complainant, who was then a feme covert,, *600 and the wife of one James Pooley, a certain tract of land, situated in- Shelby County, Tennessee.
James Pooley, the husband of complainant, died, in March, 1865. On the 12th day of June, 1866, complainant bargained and sold a part of said tract of land to defendant, Webb, at the price of $14,000, of which one half was to be paid in hand, and the residue at six and twelve months, with interest from the date of the sale, which was secured by the notes of Webb. Webb refused to comply with the contract, on his part, and assigned as a reason, that complainant was unable to make him a good and perfect title to the land, because of the terms and provisions of the deed from Gralloway to the complainant — a copy of which is exhibited • with the bill. Mrs. Pooley now brings this bill against Webb, and the heirs of her .deceased husband, seeking, a construction of said deed, and to have her rights under it, declared, and that Webb be compelled to perform his contract.
The deed in question, recites: “This Indenture, made and entered into on this, the 10th day of May, 1862, between Lewis Gr. G-alloway, of the County of Shelby, and State of Tennessee, of the first part, and Ann Augusta Pooley, wife of James Pooley, of the same County and State, of the second part: Witnesseth, that the said party of the first part, for and in consideration of the sum of $33,000, $26,000 of which, are paid in cash, the receipt of which is hereby acknowledged, and for the balance of said sum, the said party of the second part, has executed her four several promissory notes, all dated this day, and bearing interest from date, *601 all payable to the order of James Pooley, and indorsed by him, for the sum of $1,600 each. — the first payable six months after date, the second payable twelve months after date, and the third payable eighteen months after date, and the fourth and .last, payable twenty-four months after date; and which said notes, the party of the second part, has the privilege of paying at any time before maturity; all which said notes have been delivered to the party of the first part — has this day bargained, sold, aliened, and conveyed, and by these presents, does bargain, sell, alien, and convey, unto the said party of the second part, her heirs and assigns forever, the following tract or parcel of landAfter setting out the boundaries of the land, the deed contains the following additional clauses, to-wit: “To have and to hold the above conveyed tract of land, with the rights, privileges, and appurtenances thereunto belonging, to the sole, and separate, and exclusive use, benefit, and behoof of the said party of the second part, and her heirs forever, free from the control, contracts, debts, and liabilities of her husband, the said James Pooley, with full power to sell, convey, mortgage, or otherwise dispose of the same, in any manner she may see fit and proper, upon obtaining the written consent of her said husband to do so; but not without said consent. And she shall receive the. rents and profits of the said above conveyed real estate, to her sole and separate use, benefit, and behoof; and in the event of the death of the said party of the second part, without, conveying or disposing of the said real estate, either by deed or her last Will and testament, the said real estate shall de *602 scend to, and vest in, the children of the said party of the second part, hy her said husband; and if there shall be no such child or children, then the same shall descend to, and vest in, her husband, the said James Pooley, and his heirs, forever.”
Then follows the ordinary covenants of seizures, warranty, etc., to the party of the second part, her heirs and assignees.
Webb, the purchaser, demurred to the bill, upon the ground complainant could not convey to him a good title to the land. The Chancellor overruled the demurrer, and the defendant appealed.
The first question is, What estate did Mrs. Pooley take in the land under said deed ? We think she most clearly took an estate in fee, to her sole and separate use, ’ with a limited power of alienation. But whether the remainder over would take effect, upon her dying without having exercised the power of alienation, or is void as being inconsistent with, or repugnant to, the estate conveyed to Mrs. Pooley, is a question which is not now necessary to determine; properly speaking, however, there can be no remainder upon a fee.
2d, What was the effect of the death of the husband, upon the limitations of the power of the wife to dispose of the land ? Ordinarily, the right of alienation is viewed as an inseparable incident to the right of property, except during coverture; and, as a general rule, conditions restraining the exercise of this right by the owner, are repugnant to the right of property, and are, therefore, void. But the case of a settle *603 ment on a married woman, seems to be an exception to tbis rule.
Separate property is purely a creature of equity. At the common law, a feme covert could own no property, her rights being merged into those of the husband; and as equity gives to a married woman the right to own property to her sole and separate use, and, as an incident to this peculiar 'estate, confers the power of alienation, it also ’allows the power to be modified, and hence its exercise may be .restrained; but this restriction is annexed to the separate estate only, and this estate exists only during coverture, being suspended when the feme becomes discovert; but it is now well settled, the trust will revive, for her protection, upon her marriage, and during each succeeding coverture, unless defeated during intermediate periods, the restrictions being annexed to the separate estate, and dependent upon it, closes with it. So that, upon becoming discovert, the feme possesses the same power of disposition over her property as other persons.
Whether the restraint imposed upon her by the terms of the deed, creating the separate estate, be valid and operative, depends upon her condition when the power is exercised, and not whether she is married or single when the gift is made; and notwithstanding the deed under which she takes, may declare that the property shall be held for her separate use, and without the right of charge or alienation. She may, nevertheless, before marriage, or after having become discovert, dispose of the property absolutely, and in any manner she may choose.
*604 We are, therefore, of the opinion, that after the death of the husband, James Pooley, and while his widow, the complainant, remains discovert, the restraint imposed upon her power of alienation, is inoperative, and she is free to dispose of the property, as though the deed had imposed upon her no restrictions whatever.
This opinion is not in conflict with the opinion in the case of Deaderick et al. vs. Armour, 10 Hum., 588. In that case, the feme, in contemplation of marriage, had conveyed all her property, real and personal, to a trustee, reserving to herself the use and control of the property, together with the power to sell and dispose of the same, with the consent of the trustee, with remainder to the children of the marriage. It was insisted, that, inasmuch as she reserved the power to dispose, absolutely, of the property, therefore the estate for life, was, by implication, enlarged, and, consequently, the fee remained in her; and the remainder, being inconsistent with the estate in her, was void. But the Court held she had, by operation of the deed, only a life estate; that, inasmuch as her power of alienation was not unlimited, but was restricted and qualified, the estate was not enlarged by implication, and, therefore, she took only a life estate, and not an estate in fee; whilst, in the case before the Court, an estate in fee is given to the wife, in the first instance.
We are, therefore, of the opinion, there is no error in the decree of the Chancellor overruling the demurrer.
It it will 'be affirmed, and the cause remanded.